UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20574-CR-LENARD(s)

UNITED STATES OF AMERICA

v.

AEY, INC.,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and AEY, Inc., (hereinafter "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which count charges the defendant with conspiring to make false statements, in violation of Title 18, United States Code, Section 1001(a)(2), conspiring to commit major fraud against the United States, in violation of Title 18, United States Code, Section 1031, and conspiring to commit wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 371.

2. The United States agrees to seek dismissal of Counts 2-85 and the forfeiture allegations of the Superseding Indictment, as to this defendant, after sentencing.

3. The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that the defendant corporation is authorized to plead guilty to the felony charge set forth in paragraph 1, and to enter into and comply with all provisions of this plea agreement. The resolution shall

1

further certify that the defendant's corporate representative is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the defendant's directors, required for such authorization, have been observed. The defendant agrees that the corporate representative of the defendant shall appear to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

4. The defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, shareholders, assignees, successors-in-interest, or transferees of the defendant.

5. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges

that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The defendant also understands and acknowledges that the court may impose a statutory maximum term of probation of up to five (5) years. In addition to a term of probation, the court may impose a fine of up to $500,000, or twice the amount of gross loss or gross gain involved in the offense as to Count 1. The court may also order restitution.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 6 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines and that the court neither vary upward nor vary downward from that range. Although not binding on the probation office or the court, the United States and the defendant further agree that, except as otherwise

expressly contemplated in this plea agreement, they will jointly recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. However, if the court does not accept the joint sentencing recommendations set forth in paragraph 12, then the United States and the defendant shall be released from the agreements set forth in this paragraph 9.

10. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 8C2.5(g) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant, through the corporate representative: (1) fails or refuses to make full, accurate and complete disclosure of the circumstances surrounding the relevant offense conduct to the probation office and this Office; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11. This Office agrees to not seek additional criminal prosecutions against the defendant for violations of law associated with its performance of the United States Department of Defense contract designated number W52P1J-07-D0004. This agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages, suspension, debarment, listing, licensing, injunctive relief, or remedial action.

12. The United States and the defendant agree that, although not binding on the probation

office or the court, they will jointly recommend that the court impose the following sentence:

      a.      a term of probation of two years; and

      b.      a criminal fine of $500,000, made payable to the United States District Court to be paid at the time of sentencing.

      13.      The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. The defendant is also aware that Title 18, United States Code, Section 2255 affords the defendant the right to collaterally attack the conviction or the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives (a) all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the court establishes at sentencing; and (b) all rights conferred by Section 2255 to collaterally attack the conviction, any sentence imposed, including any restitution order, or the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that its corporate representative has discussed the appeal and collateral attack waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that

the defendant's waiver of his rights to appeal the sentence to be imposed in this case and to collaterally attack the conviction or the sentence to be imposed in this case was knowing and voluntary.

14. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 5 above, that the defendant may not withdraw the plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

Date: 6/19/09    By: *[signature]*
ELOISA D. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

Date: 6/19/09    By: *[signature]*
JAMES M. KOUKIOS
ASSISTANT UNITED STATES ATTORNEY

Date: 8/28/09    By: *[signature]*
HY SHAPIRO
ATTORNEY FOR DEFENDANT

Date: 6/19/09    By: *[signature]*
AEY, INC.
DEFENDANT

8/28/09

*[signature]*
Marko Cerenko

7